IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE

| | | |
|---|---|---|
| JORDAN SAELI, | ) | |
| | ) | |
| Plaintiff | ) | NO. 1:24-CV-00025-RAL |
| | ) | |
| vs. | ) | |
| | ) | |
| GEICO ADVANTAGE INSURANCE COMPANY, | ) | ECF NO. 28 |
| | ) | |
| Defendant | ) | |

MEMORANDUM ORDER ON
DEFENDANT'S MOTION IN LIMINE

This case presents Plaintiff Jordan Saeli's claim for underinsured motorist ("UIM") benefits against GEICO Advantage Insurance Company ("GEICO"), her first party insurance company.[1] GEICO has filed a motion in limine to preclude Ms. Saeli from introducing any evidence or testimony concerning the amount of the tortfeasor's liability limits, the UIM limits, or premiums paid. (ECF No. 28). Because the probative value of such evidence, if any, is substantially outweighed by the unfair prejudice and confusion of the issues it is likely to cause, GEICO's motion will be granted.

---

[1] This Court has subject matter of this action under 28 U.S.C. § 1332 based on diversity of citizenship and an amount in controversy greater than $75,000.

1

This case arises from a motor vehicle accident that occurred on July 21, 2022, when a vehicle operated by Mary V. Hughes ("Hughes" or "tortfeasor") collided with Ms. Saeli's vehicle at the intersection of West 7th Street and Peach Street in Erie, Pennsylvania. Ms. Saeli claims that she sustained head injuries, including a concussion, and neck and back injuries in the accident, all of which required chiropractic treatment and concussion care, including vestibular therapy. Hughes was insured under a policy of motor vehicle insurance that provided limits of liability of $100,000. Ms. Saeli settled her negligence claim against Hughes in exchange for her insurance carrier's payment of $97,500. GEICO apparently consented to this settlement as it is not disputing Ms. Saeli's exhaustion of the tortfeasor's liability coverage as a condition precedent to her right to bring her UIM claim. The central issues and dispute in this case concern solely the damages sustained by Ms. Saeli. To the extent her damages exceed $100,000, she is entitled to recover them from GEICO up to the limits of the UIM benefits coverage of her policy. A jury trial on her claim is scheduled to commence on February 9, 2026.

GEICO argues that evidence of the amount of the tortfeasor's liability limits, the UIM limits, or the premiums paid are irrelevant to the claims and defenses in this case. If the Court finds this evidence relevant to the issue of the case, GEICO argues alternatively that its probative value is substantially outweighed by the

danger of unfair prejudice, confusion of the issues, or misleading the jury.[2] The Court agrees that the evidence is irrelevant.

Under Federal Rule of Evidence 401, evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Fed. R. Evid. 401.

Irrelevant evidence is not admissible. Fed. R. Evid. 402. Furthermore, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

The central issue in this case is the extent of the damages sustained by Ms. Saeli. The amount of the tortfeasor's liability limits, the UIM limits, and the premiums paid are irrelevant to Ms. Saeli's damages. While it is true that the $100,000 in liability coverage credited to GEICO based on the tortfeasor's settlement will have to be deducted from any damages amount determined by the jury, this involves a simple mathematical calculation that the court can accomplish by molding the verdict. Ms. Saeli's recovery will be the amount awarded by the jury, less the $100,000 credit to GEICO based on the tortfeasor's settlement, up to the limits of GEICO's UIM benefits coverage. Asking the jury to apply the $100,000 settlement

---

[2] Ms. Saeli did not file a response to GEICO's motion in limine by the deadline set in the Court's pretrial order. *See* ECF No. 26.

credit and the limit of UIM benefits coverage would unnecessarily complicate the issues before the jury and risk prejudice to GEICO.

Of the federal courts in this circuit that have addressed this issue, all but one has held that evidence coverage limits and premiums paid provide no benefit to the jury in determining issue of damages in cases and that, even if such evidence is minimally relevant, its probative value is substantially outweighed by the risk of unfair prejudice to the defendant. *See Binotto v. GEICO Advantage Ins. Co.*, No. 3:22-cv-00210 (W.D. Pa. May 30, 2025) (Haines, J.) (holding that policy limits and premiums had to be excluded from evidence because they provide no assistance to the factfinder and present a substantial risk of unfair prejudice); *Stewart v. GEICO Ins.*, No. 2:18-CV-00791, 2020 WL 6020578, at *1 (W.D. Pa. Oct. 11, 2020) (Horan, J.) (holding that UIM policy limits and premiums are irrelevant to the sole issue for the jury to resolve: the extent and value of Stewart's damages); *Luca v. GEICO Ins. Co.*, 2016 WL 3632717 (E.D. Pa. July 7, 2016) (holding that policy limits and premiums paid do not make any facto of consequence more or less probable and may improperly anchor a jury's assessment of damages); *Schmerling v. LM Gen. Ins. Co., Inc.*, No. CV 17-3659, 2018 WL 5848981 (E.D. Pa. Nov. 8, 2018) (holding that the jury's role is to assess a plaintiff's symptoms, medical evidence, and future care needs—not to consider insurance limits); *Ridolfi v. State Farm Mut. Auto. Ins. Co.*, No. 1:15-CV-859, 2017 WL 3198062 (M.D. Pa. July 27, 2017) (holding that while proof of premium payment may be established, the *amount* of premiums is unnecessary and potentially misleading). *Compare Noone v. Progressive Direct Ins.*, No. 3:12-cv-1675 (M.D. Pa.

4

May 28, 2013), (holding that all insurance information was relevant and admissible in a UIM case). This court's analysis is fully consistent with that of the majority position of the courts in the circuit. Accordingly, the court will grant GEICO's motion.

## ORDER

AND NOW, this 28th day of January 2026, upon consideration of GEICO's Motion in Limine (ECF No. 28), and for the reasons set forth herein, IT HEREBY IS ORDERED that the motion is GRANTED, and Ms. Saeli is precluded from introducing any evidence or testimony concerning the limits of third-party liability coverage of the tortfeasor, the limits of GEICO's UIM benefits coverage, or the premiums paid for such coverage.

BY THE COURT:

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE
JUDGE